## Neary v. Neary

*Rocco M. Nigro,* for plaintiff.
*Richard H. Anderson,* for defendant.

REED, JR., *J.,* January 18, 1985—This case is before the court on the petition to strike plaintiff's judgment in both of the captioned cases. Plaintiff is a resident of the State of Delaware; defendant is a resident of the Commonwealth of Pennsylvania.

On December 29, 1983, plaintiff filed in this court to no. 83-16358 an exemplified copy of an "order of judgment" filed in the Superior Court of the State of Delaware in and for New Castle County. Plaintiff attached an affidavit of validity of judgment with the parties' addresses, affidavit under Soldier's and Sailor's Civil Relief Act of 1940 as amended, together with certifications from the court as to the validity of the order.

On March 19, 1984, plaintiff filed in this court to no. 84-3036 an exemplified copy of an order in the Family Court of the State of Delaware in and for New Castle County. This latter order modified the previous judgment filed here on December 29, 1983. Plaintiff attached to this order a praecipe to enter judgment, affidavit of validity of judgment with the parties' addresses, affidavit under Soldier's and Sailor's Civil Relief Act of 1940 as amended and certifications by the court as to the validity of the order.

In neither instance did plaintiff file a copy of the docket entries incidental to these judgments from the Delaware Courts.

Defendant now asserts in his petitions to strike that plaintiff has failed to follow the procedure set forth in the "Uniform Enforcement of Foreign Judgment Act", of July 9, 1976, P.L. 586, effective June 27, 1978, 42 Pa.C.S. §4306, and therefore these judgments must be stricken.

When a judgment is obtained outside Pennsylvania as here, in the State of Delaware, there are two procedures by which the judgment may be transferred for further proceedings. First, and perhaps the traditional method is to prosecute the judgment by commencing an action in assumpsit in Pennsylvania.

The second is to proceed under the "Uniform Enforcement of Foreign Judgments Act" which provides at section (b):

"A copy of any foreign judgment *including the docket entries incidental thereto* authenticated in accordance with act of Congress or this title may be filed in the office of the clerk of any court of common pleas of the Commonwealth. The clerk shall treat the foreign judgment in the same manner as a judgment of any Court of Common Pleas of this

Commonwealth. A judgment so filed shall be a lien as of the date of filing and shall have the same effect and be subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of any Court of Common Pleas of this Commonwealth and may be enforced or satisfied in like manner." (Emphasis supplied).

Here plaintiff has not filed the incidental docket entries and therefore failed to follow the act. Thus, plaintiff did not procure a valid judgment in Pennsylvania.

Although plaintiff has alleged that "incidental docket entries" do not exist in the State of Delaware, this fact was not established, nor did plaintiff file with this court an affidavit from the Superior Court of the State of Delaware detailing those facts.

Finally, we hold that by adoption of the "Uniform Enforcement of Foreign Judgments Act", the legislature intended to adopt for interstate transfer of judgments the same rules followed in other States adopting the Uniform Act, and as well make applicable the same rules for transfer of judgments intrastate, i.e. between counties in the Commonwealth. See P.R.C.P. 3002.

## ORDER

And now, this January 16, 1985, it is ordered and decreed that the judgments entered in the above-captioned cases be and the same are hereby stricken, but without prejudice to plaintiff to transfer these judgments according to law.

## ORDER

And now, this January 17, 1985, it is ordered and decreed that the judgments entered in the above-captioned cases be and the same are hereby stricken, but without prejudice to plaintiff to transfer these judgments according to law.